◼ In the Matter of the WEST IRONDEQUOIT TEACHERS ASSOCIATION, by its President, STEWART AGOR, Petitioner, v. ROBERT D. HELSBY et al., Constituting the Public Employment Relations Board, et al., Respondents.— Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Third Judicial Department by order of the Supreme Court at Special Term, entered in Albany County) to review and annul a decision of the Public Employment Relations Board which absolved the respondent board of education of an improper practice charge arising out of its refusal to negotiate with petitioners on a maximum numerical limitation on class size. While negotiations on the 1970–71 employment contract were in progress, the Board of Education submitted to petitioner a package proposal entitled " Class Size and Teaching Load ". The proposal did not establish any size limits and was designed to retain administrative flexibility in arranging class sizes and teacher loads to allow for program diversity and innovation. The petitioner's proposal on the subject of class size suggested varying numerical limitations on different classes and provided for exceptions to the maximum limits when agreed to by teachers and principal. In response to the petitioner's proposal, the board took the position that the inclusion of numbers or limitations on class size was not a term and condition of employment. On or about August 31, 1970, petitioner filed an improper practice charge with the Public Employment Relations Board alleging that the respondent school board had failed and refused to negotiate in good faith. The board

denied the allegations. The hearing officer, noting that class size had a significant and material relationship to working conditions, particularly workload, concluded that it was a term and condition of employment. PERB reversed the decision of the hearing officer holding that as class size is a basic element of educational policy, decisions in this regard should not be made in the isolation of a negotiating table but rather should be made by those having the direct and sole responsibility therefor. The thrust of the decision is that numerical class size is not a mandatory subject of negotiations although an employer is obligated to negotiate with representatives of its employees on the impact of its determination on class size. This distinction is well-taken and provides a reasonable basis for the decision under review. In the private sector an employer is not required to bargain about matters which would significantly abridge his freedom to manage the business (*Fibreboard Corp.* v. *Labor Bd.*, 379 U. S. 203). Mandatory negotiation of numerical class size would necessarily involve mandatory determinations of the number of classes, and ultimately it would constitute negotiation of capital construction. This is not to preclude the negotiation of the impact of the board's determination on class size in relation to terms and conditions of employment but the ultimate determination of numerical class size must be a permissive item on the part of a board of education. The case of *Board of Educ., Union Free School Dist. No. 3, Town of Huntington* v. *Associated Teachers of Huntington* (30 N Y 2d 122) relied upon by the petitioner is distinguishable on its facts. In that case the parties had agreed that five subject items were terms and conditions of employment and sought a determination whether specific statutory authority was required before a Board of Education could act, whereas in the instant matter we are asked to determine whether or not numerical class size is a term and condition of employment. Determination confirmed, and petition dismissed, without costs. Herlihy, P. J., Staley, Jr., Sweeney, Kane and Reynolds, JJ., concur.